UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DELMAS SEXTON II )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JANE ANN RUNYON, Clerk, )<br>Jay Circuit and Superior Courts, )<br>)<br>Defendant. ) | CAUSE NO. 1:03-CV-291-TS |

**OPINION AND ORDER**

On May 26, 2005, the Plaintiff, Delmas Sexton II, filed a Motion to Defer Ruling on the Defendant's Motion to Strike [DE 65].[1] The Plaintiff, proceeding *pro se*, contends that the Defendant engaged in "foul play" and "criminal acts" in connection with the service of her reply brief and motion to strike. The Plaintiff bases his allegation on the fact that the certificate of service indicates that the Defendant filed these papers electronically with the Court on May 16, 2005, but the postmarked envelope indicates she did not send them to the Plaintiff until May 20, 2005. He received them on May 23, 2005.

The Defendant filed a response explaining that the first attempt to serve the Defendant by way of a mailing sent on May 16, 2005, was unsuccessful because the Defendant was away from the jail for a court appearance when the mail was delivered. The Defendant attaches a copy of the envelope postmarked May 16, 2005, and returned to the sender for the reason that the recipient was "[n]ot at Miami Corr. Facility." (DE 66, Ex. A.) The Defendant then resent the filings to the Miami Correctional Facility on May 20, 2005, which the Plaintiff received on May 23, 2005.

---

[1] The Defendant filed the Motion to Strike on May 16, 2005, in response to the submissions the Plaintiff provided in opposition to the Defendant's Motion for Summary Judgment.

The Plaintiff does not dispute that he received the filings on May 23, 2005. The fact that he did not get them sooner was not the result of any wrongdoing on the Defendant's part. Moreover, there is no need to "defer ruling" as the Court will not rule on the Motion to Strike until after briefing on the Motion to Strike is completed, that is, until after the Plaintiff has responded and the Defendant has replied to the Motion.

In fact, the Plaintiff has already responded to the Defendant's Motion to Strike by way of his latest submission, filed on May 31, 2005. This is so despite the title of the filing as a "Verified Motion to Stay Proceedings Pending an Immediate Investigation and Examination of Original Deposition and Video Outside of Federal Courthouse Showing Parking Areas on Street to Immediate Block of Courthouse" [DE 67]. The Plaintiff argues that a hearing is required to establish that the court reporter who recorded his deposition was not impartial and that the errata sheet submitted by the Defendant in support of its Motion to Strike did not represent the entirety of his changes to his deposition. He also submits that the conspiracy allegations that he makes in his response brief are not new, but can be gleaned from his original Complaint. As such, they are not an improper attempt to amend his Complaint. These assertions are a direct response to the arguments presented by the Defendant in support of her Motion to Strike the Plaintiff's Affidavit and Appendices.

The Defendant is now entitled to reply to the Plaintiff's response (which he styled as a motion to stay). At that point, the Defendant's Motion for Summary Judgment and Motion to Strike will both be ripe for ruling by this Court. The Court will expect no further briefs from either party. If the Plaintiff's motion to stay and request for hearing demonstrates that a genuine issue of material fact precludes summary judgment, the Court will so find. The Plaintiff, however, is not entitled to a "stay" of the proceedings or a separate hearing, and his motion for such is denied. The Plaintiff's Motion to Defer Ruling is also denied, as moot, because the Plaintiff has been provided an

opportunity to respond to the Defendant's Motion to Strike and has already done so.

The Plaintiff makes one assertion in his response that the Court feels compelled to address now, rather than in the order it will issue to rule on the Motion for Summary Judgment. In his motion to stay proceedings, the Plaintiff contends that, in response to his allegations that the Defendant and her counsel engaged in misconduct, "this Court stated that Plaintiff has proven nothing. This appears partial and conclusory on behalf of this Court. If this Court chooses to make such summary decisions without fact finding perhaps recusal is necessary and a special judge appointed." (DE 67, ¶ 8.) The Plaintiff is referring to the Court's Order of February 10, 2005, in which the Court found that, although the Plaintiff did not receive a copy of the Defendant's Motion for Summary Judgment, "the Plaintiff has not established that the Defendant engaged in any misconduct." The Court explained that its finding was based on the Defendant's evidence that it had, in fact, attempted to serve the Plaintiff with the Motion for Summary Judgment on three different occasions and at three different addresses, all of which were provided by the Plaintiff as current addresses as some point in the litigation. As the Court noted, the explanation for the failed service was the Miami Correctional Facility's notation on the returned envelope that the Plaintiff was not at the facility. The Court did find, nonetheless, that the Plaintiff's failure to respond to the Motion for Summary Judgment was the result of excusable neglect and reopened the case to allow him an opportunity to respond. The Plaintiff has now responded and, when briefing is complete, the Court will conduct an unbiased review of the record and enter its decision impartially.

For the foregoing reasons, the Plaintiff's Motion to Defer Ruling [DE 65] is DENIED as MOOT, and the Plaintiff's Motion to Stay Proceedings [DE 67] is DENIED. The Court will consider DE 67 as a response to the Motion to Strike and will address its merits in its order on the Motion for

Summary Judgment, which will be issued after the time for the Defendant to reply to DE 67 has expired.

    SO ORDERED on June 3, 2005.

                                            s/ Theresa L. Springmann
                                            THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT