UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DELMAS SEXTON II | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:03-CV-291-TS |
| | ) | |
| JANE ANN RUNYON, Clerk, | ) | |
| Jay Circuit and Superior Courts, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Nearly two and one-half years after this case was closed upon the entry of final judgment, Plaintiff Delmas Sexton II, proceeding *pro se*, asks this Court to vacate the summary judgment order it entered on August 25, 2005, in favor of Defendant Jane Ann Runyon [DE 87]. The order granted summary judgment to the Defendant on the Plaintiff's § 1983 claim and remanded the remaining state claims to Jay Superior Court where the case originated. The Plaintiff also requests that the Court defer ruling in this matter for sixty days to allow him to conduct discovery that would prove his allegations of the Defendant's misconduct [DE 90]. The Defendant objects to the Plaintiff's motion.

**A.      The Plaintiff's Claims for Relief from Judgment**

In his Motion for Relief from Judgment or Order, filed on January 14, 2008, the Plaintiff argues that the federal district court lacked jurisdiction to decide the matters in this case. The Plaintiff originally filed his complaint in Jay Superior Court. The Defendant removed the matter to federal court pursuant to 28 U.S.C. § 1446. The Plaintiff argues that the Defendant's notice of removal was untimely. He also argues that the Defendant failed to answer the complaint in state

court and thus, under operation of Indiana law, the allegations set forth in his complaint were deemed admitted. The Plaintiff concludes that the matter should not have been removed to federal court, and that the Defendant should not have been allowed to contest his claims.

**B.     Rule 60 Standard**

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). If reasons (1), (2), or (3) are cited as the basis for relief, the motion must be filed within one year after the entry of the judgment or order. Fed. R. Civ. P. 60(c)(1). Otherwise, a motion under Rule 60(b) must be made "within a reasonable time." *Id.*

**C.     Analysis**

The Plaintiff filed his Rule 60(b) motion almost two and one-half years after the entry of final judgment. Because the Plaintiff requests that the Court vacate its orders for lack of subject matter jurisdiction, his request falls within reason (4) listed in Rule 60(b), a void judgment. *See*

*United States v. Indoor Cultivation Equip.*, 55 F.3d 1311, 1316 (7th Cir. 1995) (noting that a judgment is void for purposes of Rule 60(b)(4) if the court lacked jurisdiction of the subject matter). Since void judgments are legal nullities, the court lacks discretion under Rule 60(b)(4) to deny a motion to vacate a void judgment. *Indoor Cultivation Equip.*, 55 F.3d at 1317. Moreover, such relief is available at any time. *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 950 (7th Cir. 2000).

Therefore, the "reasonable time" requirement of Rule 60 does not bar the Plaintiff's request for relief. Nonetheless, his claim that the Court lacked jurisdiction over the subject matter of the Plaintiff's suit is without merit. Federal statute allows a defendant to remove any civil action brought in state court where the district court has original jurisdiction. 28 U.S.C. § 1441.  The Plaintiff does not dispute that his complaint contained allegations that were reasonably construed as claims that are within the purview of this Court's original jurisdiction.  For example, on February 13, 2004, the Plaintiff submitted a Notice of Written Status Report, in which he wrote, "The nature of this case involves state *and federal claims* involving privacy rights and state tort claims." (DE 26 ¶ 1) (emphasis added). The only argument the Plaintiff presents in opposition to removal is that the Defendant's notice was untimely. Even if this were true, it would not defeat federal jurisdiction, and nonjurisdictional objections to removal may be waived. *See Matter of Continental Casualty Co.*, 29 F.3d 292, 294 (7th Cir. 1994). Indeed, non-jurisdictional challenges, such as timing, must be made within thirty days of removal. 28 U.S.C. § 1447(c); *Wis. Dep't Corr*s. *v. Schacht*, 542 U.S. 381, 392 (1998).[1]

---

[1] The Court notes that the Plaintiff's argument that removal was untimely erroneously relies on the date he presumes that the Defendant knew about the suit given her position as the clerk of court, rather than the date that service was actually obtained.

Additionally, the Court properly exercised supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367 (supplemental jurisdiction); 28 U.S.C. § 1441(c) (permitting an "entire case" to be removed when a claim that is within the jurisdiction conferred by § 1331 is joined with one or more otherwise non-removable claims). The Court then relinquished jurisdiction over the state law claims upon the dismissal of the federal claims. *See* 28 U.S.C. § 1367(c)(3). The Court's orders and judgment in this case are not void for lack of subject matter jurisdiction.

In addition to the untimely removal argument, the Plaintiff asserts a second basis for relief. He argues that the Defendant committed fraud, misrepresentation, and misconduct upon him, which prevented him from fully presenting his case. As this falls in a category of relief that must be presented within one year after entry of the judgment or order, this portion of the Plaintiff's motion is denied as untimely.

## CONCLUSION AND ORDER

For the foregoing reasons, the Plaintiff's motions for relief from judgment [DE 87, 90, 91] are DENIED.

SO ORDERED on March 31, 2008.

        s/ Theresa L. Springmann  
        THERESA L. SPRINGMANN  
        UNITED STATES DISTRICT COURT