UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DELMAS SEXTON II | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:03-CV-291-TS |
| | ) | |
| JANE ANN RUNYON, Clerk, | ) | |
| Jay Circuit and Superior Courts, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Shortly after this Court denied the *pro se* Plaintiff's motion for reconsideration of a 2 1/2-year-old judgment, he again petitioned this Court to reconsider its ruling. The latest submission (DE 97), filed on April 10, 2008, is also denied.

The Plaintiff argues that he has asserted an independent action for fraud, which falls outside of Rule 60(b)'s one-year time limit. The Plaintiff is mistaken. The text of the Rule unambiguously states that a motion made upon the basis of fraud must be made no more than one year after the entry of the judgment:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> * * *

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

> * * *

> (c) **Timing and Effect of the Motion**.
> (1) Timing. A motion under Rule 60(b) must be made within a reasonable time—and *for reasons* (1), (2), and (*3*) *no more than a year after the entry of the judgment* or order or the date of the proceeding.

Fed. R. Civ. P. 60 (emphasis added). If what the Plaintiff intended to assert was a new cause of

action, a motion under Rule 60 was not the appropriate means to bring the cause before the Court.

The Plaintiff's Motion for Reconsideration [DE 97] is DENIED.

SO ORDERED on April 28, 2008.

                                               s/ Theresa L. Springmann
                                              THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT